# UNITED STATES DISTRICT COURT
## DISTRICT OF NEBRASKA
## OMAHA DIVISION

ROCHELLE NUTTELMANN,

v.

GERMAN-AMERICAN SOCIETY, INC.

**Case No. 8:20-cv-00080**

## PLAINTIFF'S ORIGINAL COMPLAINT

### SUMMARY

1.      Rochelle Nuttelmann brings this lawsuit to recover unpaid overtime wages and other damages under the Fair Labor Standards Act (FLSA).

2.      German-American Society paid Nuttelmann a salary without any overtime.

3.      But Nuttelmann was paid less than the required minimum salary to qualify for an overtime exemption under the FLSA.

4.      This action seeks to recover the unpaid wages and other damages owed to Nuttelmann by German-American Society.

### JURISDICTION AND VENUE

5.      This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

6.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because German-American Society maintains its principal office in this District and Division.

7.      Nuttelmann worked for German-American Society in this District and Division.

8.     Therefore, venue is also proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## PARTIES

9.     **Plaintiff Rochelle Nuttelmann** is a natural person who is a resident and citizen of Nebraska.

10.     Nuttelmann was, at all relevant times, an employee of German-American Society.

11.     Nuttelmann was a salaried employee of German-American Society.

12.     Nuttelmann's written consent is attached as Exhibit A.

13.     **Defendant German-American Society, Inc.** is a Nebraska corporation with its headquarters and principal place of business in Douglas County, Nebraska.

14.     German-American Society may be served by service upon its registered agent, **David F. Hollrah, 3717 South 120th St., Omaha, NE 68144**, or by any other method authorized by law.

## COVERAGE UNDER THE FLSA

15.     At all relevant times, German-American Society was an employer of Nuttelmann within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

16.     At all relevant times, German-American Society was and is part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

17.     During at least the last three years, German-American Society has had gross annual sales in excess of $500,000.

18.     German-American Society was and is part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1).

19.     German-American Society employs many workers, including Nuttelmann, who are engaged in commerce or in the production of goods for commerce and/or who handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce by any person.

20.     The goods and materials handled, sold, or otherwise worked on by Nuttelmann and other German-American Society employees and that have been moved in interstate commerce include, but are not limited to, catering equipment and supplies.

FACTS

21.     German-American Society is a social club promoting German/American heritage that sponsors related programs and hosts a number of public, private, and members-only events throughout the year. *See* German-American Society, https://www.germanamericansociety.org (last accessed Mar. 1, 2022).

22.     Nuttelmann was employed by German-American Society.

23.     Nuttelmann was a salaried employee of German-American Society.

24.     During the time she worked for German-American Society, Nuttelmann's salary was under the minimum limit to even qualify for an exemption from the FLSA's overtime requirements for an executive, administrative, or professional employee.

25.     Beginning January 1, 2020, the FLSA's minimum salary to qualify for an executive, administrative, or professional exemption was $684 per week. 29 CFR § 541.600(a).

26.     The FLSA allows employers to pay up to 10% of an exempt employee's salary using nondiscretionary bonuses, incentives, and commissions. 29 CFR § 541.602(a)(3).

27.     This means that, beginning January 1, 2020, an employer paying the minimum salary of $35,568.00 per year total could pay up to $3,556.80 each year in nondiscretionary bonuses, incentives, and commissions.

28.     So an employer could pay a base salary of $32,011.20 per year, plus nondiscretionary bonuses, incentives, and commissions, to meet the minimum salary requirements under the FLSA for the executive, administrative, or professional exemption.

29.     German-American did not pay Nuttelmann a salary of $684 or more per week.

30.     German-American Society paid Nuttelmann a salary of less than $684 per week.

31.     Beginning January 1, 2020, German-American Society did not pay Nuttelmann at or above the amount required by 29 CFR §§ 541.600(a) and 514.602(a)(3).

32.     Nuttelmann's salary was less than $32,011.20 per year.

33.     For the purposes of meeting the minimum salary requirements for an exemption under 29 CFR §§ 541.600(a) and 541.602(a)(3), it does not matter what an employee's job duties are.

34.     The FLSA's executive, administrative, or professional exemptions cannot be met if an employee is not paid at least the amount required by 29 CFR §§ 541.600(a) and 541.602(a)(3).

35.     So, for the purpose of being exempt from the FLSA's overtime requirements of 29 CFR §§ 541.600(a)-(b) and 514.602(a)(3), Nuttelmann's job title and job duties do not matter.

36.     Because of the amount of her salary, Nuttelmann could not have been exempt from the FLSA under the executive, administrative, or professional exemptions.

37.     It is not possible that Nuttelmann could have been exempt from the FLSA under the executive, administrative, or professional exemptions.

38.     Nuttelmann normally worked more than 40 hours in a week.

39.     Nuttelmann often worked 50, or more, hours each week.

40.     German-American Society recorded the time Nuttelmann worked.

41.     The time recorded by German-American Society and worked by Nuttelmann is reflected in German-American Society's records.

42.     When she did work more than 40 hours per week, Nuttelmann was not paid an overtime premium.

43.     For example, for the monthly pay period of April 2021, Nuttelmann was paid a total salaried amount of only $2,600.

44.     This means Nuttelmann's salary was only $600 per week.

45.     During April 2021, Nuttelmann also worked overtime, but she was not paid any overtime compensation.

46.     German-American Society knew Nuttelmann was paid less than $684 per week, including any allowable nondiscretionary bonuses, incentives, and commissions.

47.     German-American Society knew Nuttelmann's salary was under $684 per week, including any allowable nondiscretionary bonuses, incentives, and commissions.

48.     German-American Society knew Nuttelmann's salary was under the minimum amount required to meet the FLSA's executive, administrative, or professional exemptions.

- 5 -

49.     German-American Society knew, or showed reckless disregard for whether, its policy of not calculating and paying overtime at the full, regular hourly rate violated the FLSA.

50.     German-American Society's failure to pay full overtime to Nuttelmann was, and is, a willful violation of the FLSA.

### CAUSE OF ACTION–OVERTIME VIOLATIONS OF THE FLSA

51.     Nuttelmann incorporates all other allegations.

52.     By failing to pay Nuttelmann overtime at 1.5 times her regular rate, German-American Society violated the FLSA. 29 U.S.C. § 207(a).

53.     German-American Society owes Nuttelmann the difference between the rate actually paid, if any, and the proper overtime rate.

54.     Because German-American Society knew, or showed reckless disregard for whether, its pay practices violated the FLSA, German-American Society owes these wages for at least the past three years.

55.     German-American Society also owes Nuttelmann an amount equal to the unpaid overtime wages as liquidated damages.

56.     Nuttelmann is entitled to recover all reasonable attorneys' fees, costs, and expenses incurred in this action.

### RELIEF SOUGHT

Wherefore, Nuttelmann prays for judgment against German-American Society as follows:

(a)     For an order finding German-American Society liable for violations of federal wage laws;

(b)     For a judgment awarding Nuttelmann all unpaid wages, liquidated damages, and/or penalty damages;

- 6 -

(c)     For a judgment awarding Nuttelmann all costs of this action;

(d)     For a judgment awarding Nuttelmann attorneys' fees;

(e)     For a judgment awarding Nuttelmann pre- and post-judgment interest at the highest rates allowed by law; and

(f)     For all such other and further relief as may be necessary and appropriate.

Respectfully submitted,

*/s/ Matthew S. Parmet*

By: _____

**Matthew S. Parmet**
TX Bar # 24069719
**PARMET PC**
3 Riverway, Ste. 1910
Houston, TX 77056
phone  713 999 5228
matt@parmet.law

**Attorneys for Plaintiff**